UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| PATRICK W. HANSEN, | ) | |
| Petitioner, | ) | CASE NO.   C06-1028-TSZ-JPD |
| v. | ) | |
| JEFFREY A. UTTECHT, | ) | REPORT AND RECOMMENDATION |
| Respondent. | ) | |

## INTRODUCTION

Petitioner has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Respondent has filed a motion to dismiss, arguing that the statute of limitations bars the court's consideration of petitioner's petition. Petitioner has filed a document purporting to be a response to respondent's motion.[1] After careful review of the parties' submissions, the court concludes that the petition should be dismissed as untimely pursuant to 28 U.S.C. § 2244(d).

## PROCEDURAL HISTORY

In 1984, petitioner was convicted of kidnaping, rape, and indecent liberties, after he abducted a young woman who had been out for an early morning jog in Seattle, Washington. (Dkt. #15, Ex. 1 at 1; Ex. 2 at 6). *See also State v. Hansen*, 46 Wash. App. 292 (1986).

---

[1] The court notes that making sense of petitioner's various submissions has been a challenge. His filings are frequently covered with illegible handwriting and contain many documents from his prior cases and prison disciplinary hearings which do not appear relevant to the case at bar.

REPORT AND RECOMMENDATION
PAGE 1

1  Petitioner was sentenced to 20 years in prison for the kidnaping and rape convictions and to 10
2  additional years for the indecent liberties conviction. (Dkt. #15, Ex. 1). He is currently
3  incarcerated in the Washington State Penitentiary in Walla Walla, Washington.
4      Petitioner appealed to the Washington Court of Appeals. The Court of Appeals affirmed
5  the judgment but remanded for re-sentencing on the rape charge. *See Hansen*, 46 Wash. App. at
6  301. It is unclear whether petitioner's original sentence changed upon re-sentencing. For the
7  purposes of the instant habeas petition, it is sufficient to know that petitioner remains
8  incarcerated pursuant to the original judgment issued in 1984.
9      It appears that petitioner did not seek review by the Washington Supreme Court of his
10  sentence or convictions. In addition, he appears to have filed a single personal restraint petition
11  that was denied by the Washington appellate courts in 1988. (Dkt. #15, Ex. 3).[2]
12      On July 31, 2006, petitioner filed the instant petition under 28 U.S.C. § 2254. (Dkt. #4).
13  On September 8, 2006, respondent filed a motion requesting that the court order petitioner to
14  clarify two of the claims he had raised in his habeas petition. (Dkt. #9). On September 29,
15  2006, the court granted respondent's motion and granted petitioner 21 days in which to file an
16  amended petition. (Dkt. #10). Petitioner responded with a letter that the court construed as a
17  motion for an extension of time to comply with the court's Order to file an amended habeas
18  petition. (Dkt. #11). So construed, the court granted the motion and gave petitioner 21 more
19  days to file the amended petition. (Dkt. #12).
20      Petitioner failed to file an amended petition within the time frame set forth by the court.
21  Accordingly, on November 27, 2006, the district judge presiding over the case dismissed two of
22  petitioner's four claims. (Dkt. #13).

---

[2] While this exhibit provided by respondent – a record of petitioner's filings in the Washington appellate courts – does not contain dates, the Clerk of the Washington Court of Appeals confirmed to the undersigned United States Magistrate Judge's law clerk that petitioner's PRP (Case No. 551545) was denied by the Washington Supreme Court on August 17, 1988.

REPORT AND RECOMMENDATION
PAGE 2

On December 22, 2006, respondent filed a motion to dismiss the petition as untimely. (Dkt. #15). On January 17, 2007, petitioner filed a document that appears to be a response to the motion to dismiss. (Dkt. #18). In addition, petitioner has filed two separate packets of documents that appear to supplement his response. (Dkt. #19, #20). The matter is now ready for review.

## DISCUSSION

In his habeas petition, petitioner raises four grounds for relief. Because two of those grounds have been dismissed by the court's prior Order of November 27, 2006, only two remain: actual innocence and ineffective assistance of counsel. (Dkt. #4 at 5, 7). However, the court need not address the merits of these claims because petitioner's habeas petition is barred by the applicable statute of limitations.

Habeas petitions filed pursuant to 28 U.S.C. § 2254 are governed by the one-year statute of limitations provided in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See* 28 U.S.C. § 2244(d). When, as here, a conviction becomes final before the effective date of AEDPA, the petitioner has until April 23, 1997 to file a habeas petition. *See Miles v. Prunty*, 187 F.3d 1104, 1105 (9th Cir. 1999). It is clear that petitioner filed the instant petition in July 2006, or almost nine years after AEDPA's statute of limitations had expired. In addition, petitioner does not show or even argue that the statute of limitations should be tolled for any reason. Thus, petitioner filed the petition too late, and respondent's motion to dismiss should be granted.

## CONCLUSION

For the foregoing reasons, respondent's motion to dismiss petitioner's habeas petition as untimely should be granted. A proposed Order is attached.

DATED this 1st day of February 2007.

*/s/ James P. Donohue*
JAMES P. DONOHUE
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE 3